Agnes, Peter W., J.
OnAugust3,2007, theplaintiff, Albert Cook (“Cook”), filed a municipal tort action, pursuant to G.L.c. 258, against the Town of Lexington and three of its police officers (collectively, the “defendants”) for injuries arising from a traffic stop in 2004. On August 22, 2008, the parties entered into a settlement agreement by which Cook would release the defendants from all claims in exchange for the sum of $7,500. Due to a dispute over the method of tender for the $7,500 settlement payment, a stipulation of dismissal has not yet been entered.
This matter is now before the court on the defendants’ motion to enforce the settlement agreement and to dismiss the case with prejudice. The defendants also ask the court to order Cook to pay the attorney fees and costs incurred in bringing this motion. For the reasons set forth below, the defendants’ motion to enforce the settlement and enter dismissal is DENIED.
*60 BACKGROUND
On August 3, 2007, Cook brought a tort action against the defendants seeking recovery for injuries that Cook alleges he suffered during a traffic stop. While the suit was pending, Cook and the defendants entered into a settlement agreement under which the defendants would pay Cook $7,500 in return for a full release of all claims against them. Cook fully executed the release on August 22, 2008. The settlement agreement stipulates that Cook will satisfy any lien or claim from the proceeds of the settlement, and will indemnify the defendants and their insurer in the event that any such lien or claim is not satisfied.
In accordance with its statutory obligation under G.L.c. 175, §24F, the defendants’ insurer, Massamont Insurance Company (“Massamont”), made an inquiry with the Massachusetts Department of Revenue before issuing the settlement check to determine whether Cook had any outstanding tax liens. The lien inquiry revealed a “MassTax” lien against Cook. Cook had filed an appeal with the Department of Revenue to challenge the lien, but his appeal was dismissed for failure to prosecute, and his subsequent request to reopen the appeal was denied. The defendants advised Cook that the lien needed to be resolved before Massamont would issue payment under the settlement agreement. On September 5, 2008, the defendants offered to issue a settlement check jointly to Cook and the Department of Revenue in return for Cook’s agreement to execute a stipulation of dismissal. On September 9, 2008, Cook refused to accept a joint check and requested that the Town of Lexington pay him the $7,500 directly.
The defendants then brought this motion to enforce the settlement agreement and to dismiss the action with prejudice. Cook opposes the defendants’ motion and requests that the Town of Lexington issue a $7,500 check in his name alone.
DISCUSSION
General Laws c. 175, §24F, provides a mechanism for companies making one-time insurance payouts to exchange information with the Department of Revenue to ascertain whether the claimant owes taxes to the Commonwealth. The statute provides that, prior to making a lump-sum insurance payment equal to or in excess of $500, an insurer “shall either provide the department of revenue with information about the claimant or examine information made available by the department of revenue.” G.L.c. 175, §24F(a). In this case, Massamont did both, electing to conduct a lien inquiry before providing the Department of Revenue with Cook’s relevant information.
A tax lien is not a debt within the meaning of G.L.c. 175, §24F, if the statute of limitations for appealing the lien or for seeking abatement has not yet expired. G.L.c. 175, §24F(a). The court does not have sufficient information about the lien to determine whether the limitations period has expired, or whether the Department of Revenue’s dismissal of Cook’s request for abatement and denial of his re-application have forever exhausted Cook’s right to appeal. However, assuming that Cook is, in fact, a “person [owing] taxes to the commonwealth,” Massamont satisfied its statutory obligations when it notified the Department of Revenue of the pending settlement payment and provided Cook’s name, address, date of birth, and social security number. See id.
The statute further provides that an insurer “may remit to the department of revenue the full amount of taxes owed to the commonwealth at the time it so notified the department of revenue or at any time before making payment to the claimant.” G.L.c. 175, §24F(a) (emphasis supplied). Massamont is not required to pay the settlement proceeds directly to the Commonwealth in satisfaction of Cook’s tax lien, but, should it elect to do so, the language of the statute directs that the taxes be paid “before making payment” to the claimant. See Bankers Life and Cos. Co. v. Commissioner of Ins., 427 Mass. 136, 140 (1998) (it is “a basic tenet of statutory construction that a statute must be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous” (internal citations omitted)). Indeed, nothing in the statute requires, or even authorizes, an insurer to issue a settlement check jointly to a claimant and the Department of Revenue.
Further, the issuance of a joint check arguably puts Cook, who disputes the validity of the lien, in the position of having to confirm the validity of the lien asserted against him by having to endorse the check and then seek a refund from the Commonwealth. The court will not sanction a method of settlement payment that is neither required nor permitted by the relevant statute. For the settlement agreement to take effect, the defendants or their insurer may either pay the $7,500 to Cook individually, or remit the amount of the taxes owed directly to the commonwealth. The proposed tender of a joint check will not suffice.
While the court can appreciate Massamont’s desire to shield itself from any liability regarding the lien, Massamont satisfied its obligations simply by notifying the Department of Revenue of the pending payout. Additionally, the settlement agreement itself indemnifies the defendants and Massamont, and stipulates that Cook himself will satisfy any lien from the proceeds. The court, therefore, sees no reason why it should ratify the defendants’ novel proposal and enforce the settlement agreement in accordance with their unilateral adjustment to the payment terms.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to enforce settlement and for entiy of dismissal with prejudice is DENIED.
*iii Lite tMassachusetts Law ^Reporter Hi 25 Mass. L. Rptr. No. 3 (January 26, 2009) Torts Proximate Cause - A Superior Court Opinion Grants Summary Judgment for the Defendant in a Personal Injury Action for the Death of a Worker Hit While a Pavement Milling Machine Was Being Operated in Reverse Without Any Rear Sensing Device, Because Any Conclusion as to Causation Would Be Speculative. The opinion in Beauregard v. Caterpillar, Inc. (Fremont-Smith, Thayer, J.) grants summary judgment for the defendant in a wrongful death action on behalf of the estate of a worker killed when run over by a large pavement milling machine while the machine was being operated in reverse. The action was brought against the machine manufacturer for negligently failing to provide a rear sensing device, such as a closed-circuit television system, which might have provided the operator with an opportunity to become aware that the defendant was in the machine’s blind spot in time to avoid the accident. The opinion holds that the lack of an eye witness precludes the plaintiff from proving that the defendant entered the blind spot at a location and time that would have permitted a rear sensing device to have detected his presence in time to allow the operator to stop the vehicle, so that any conclusion as to causation would be purely speculative. The opinion does, however, deny summary judgment on the plaintiffs claim for negligently failing to train or warn the decedent of the known danger presented by the absence of any rear sensing device ... 41 Proximate Cause - A Superior Court Opinion Holds that Whether a Plaintiffs Injuries Were Caused by a Motor Vehicle Accident or a Fall in an Ambulance Following the Accident Presents an Issue of Fact Which Cannot Be Resolved on a Motion for Summary Judgment, Even Though No Expert Can Allocate Causation Between the Two Events. The matter in Rogers v. Pathways Ambulance Services, Ltd. (Kern, Leila R., J.) involves a claim for injuries to a motor vehicle operator involved in a two-car collision who subsequently fell in an ambulance during transport to a hospital due to a failure by the EMTs to properly secure the body board used to transport the plaintiff. The opinion denies the ambulance company’s motion for summary judgment, based on the court’s conclusion that there is an issue of fact as to whether the plaintiffs injuries were caused by the vehicle accident, by the fall in the ambulance, or by a combination of the two events, even though no allocation of cause between the events can be established by expert testimony. The opinion concludes that it is within the province of the jury to allocate some or all of the cause of injury to the fall, even though it was possible that the collision had been a contributing or even the sole cause. The ambulance company unsuccessfully argued that whether its negligence was a proximate cause of the claimed injuries is entirely speculative.46 Duty to Warn - A Superior Court Opinion Holds that an Equipment Manufacturer’s Duty to Warn of a Design Defect Discovered after Sale to the Original Owner Does Not Extend to Subsequent Purchasers. A crane manufacturer’s duty to warn users of a design defect which became apparent only after the sale of the crane to the original owner does not extend to users after resales of the crane to subsequent, second-hand purchasers; the manufacturer must notify an original purchaser but is not obligated to take steps to identify subsequent owners. Hanlan v. Chandler (Lu, John T., J.).48 Liability for Negligent Harvesting of Diseased Organ Transplants - A Superior Court Opinion Holds that a Physician Who Negligently Harvests Cancerous Body Parts from an Anatomical Donor May Be Liable to Unknown Recipients of the Body Parts. See the discussion above under “Health Law” of Basore v. Ayvazian (Tucker, Richard T., J.) 57